

# NUMBER 13-15-00010-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PAULO TREVINO,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

## On appeal from the 214th District Court
## of Nueces County, Texas.

# ORDER OF ABATEMENT

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Order Per Curiam**

This cause is currently before the Court because appellant's counsel has failed to

file appellant's brief after requesting and receiving four extensions of time to file the brief.

The reporter's record was filed on January 26, 2015 and appellant's brief was originally

due to be filed thirty days thereafter. *See* TEX. R. APP. P. 38.6(a). On June 11, 2015, this Court granted appellant's fourth extension of time to file the brief and ordered the Honorable Roberto G. Vela to file the brief on or before June 26, 2015. The Court stated that it looked "with disfavor on the delay caused by counsel's failure to timely file a brief in this matter," and notified counsel that no further extensions would be granted "absent exigent circumstances." We further stated that if counsel failed to file the brief within the specified period of time, the Court would act appropriately to ensure that appellant's rights were protected. *See* TEX. R. APP. P. 38.8(b)(4). Counsel has nevertheless failed to file the brief as ordered and has further failed to file any motion for extension of time, much less a motion alleging that exigent circumstances warrant an extension.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email

address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2015.

3